VERSO LAW GROUP LLP
GREGORY S. GILCHRIST (Cal. Bar No. 111536)
AMY SHAHAN PARIGI (Cal. Bar No. 261948)
RYAN BRICKER (Cal. Bar No. 269100)
PAYMANEH PARHAMI (Cal. Bar No. 335604)
209 Kearny Street, Third Floor
San Francisco, California 94108
Telephone:   (415) 534-0495
Facsimile:   (270) 518-5974
Email:       greg.gilchrist@versolaw.com
             amy.parigi@versolaw.com
             ryan.bricker@versolaw.com
             paymaneh.parhami@versolaw.com

Attorneys for Plaintiff
PATAGONIA, INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| PATAGONIA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>T-SHIRT AT FASHION LLC, MYLOCKER.COM LLC, TEEHERIVAR, LEAF GROUP LTD. DBA SOCIETY6, GEARBUBBLE INC, DAVIDLOSHIRT, TEE JEEP SHIRT, and SHIRTFORMULA,<br><br>Defendants. | Case No. 2:22-cv-07404<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMAND** |

This lawsuit is necessary to stop defendants from copying Patagonia's famous logo onto T shirts, hoodies, sweatshirts, and pillows, among other products, and offering them for sale on websites.  Defendants all are retailers who offer, promote, and sell apparel and other products to consumers and resellers; they fulfill orders by manufacturing and/or printing specific quantities of such products that are requested, operating as "print-on-demand" businesses.  Within their print-on-demand product lines, Defendants advertise, offer, produce, and sell counterfeit

1   Patagonia products to unknowing consumers, and to resellers who seek to profit

2   from counterfeit sales.  These are examples:

3

4   **T-SHIRT AT FASHION LLC**

5

6

7

8   

9

10

11

12

13

14

15

16

17

18   **MYLOCKER.COM LLC**

19

20

21   

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### TEEHERIVAR



### LEAF GROUP LTD. DBA SOCIETY6



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**GEARBUBBLE**



**DAVIDLOSHIRT**



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TEE JEEP SHIRT**



**SHIRTFORMULA**



Some of the Defendants create multiple e-commerce stores operating under different seller aliases which share unique identifiers, in order to conceal their identities and the full scope of their counterfeiting operation.  To stop this profligate counterfeiting of Patagonia's iconic trademark and prevent further damage to Patagonia and its brand, Patagonia alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Patagonia, Inc. ("Patagonia") is a California corporation headquartered at 259 West Santa Clara Street, Ventura, California 93001.  Patagonia has been designing, developing, marketing, and selling outdoor apparel, accessories, and active sportswear for nearly fifty years.  Patagonia's PATAGONIA brand and P-6 logo are famous in the United States and around the world, and instantly recognized by consumers as a symbol of innovative apparel designs, quality products, and environmental and corporate responsibility.

2. Defendant T-shirt AT Fashion LLC ("T-shirt AT Fashion") is an online seller with unknown corporate status dba T-shirt AT Fashion LLC  at https://t-shirtat.com, using 16085 NW 52nd Avenue, Miami Gardens, FL 33014 as its address and support@t-shirtat.com as its email address.  T-shirt AT Fashion operates multiple e-commerce stores under different seller aliases, identified in **Exhibit A**, through which it offers, promotes, and sells counterfeit Patagonia products online throughout the country.

3. Defendant MyLocker.com LLC ("MyLocker") is a corporation with its principal place of business located at 1300 Rosa Parks Blvd., Detroit, MI 48216.  MyLocker offers, promotes, and sells counterfeit Patagonia products online throughout the country.

4. Defendant TeeHerivar is an online seller with unknown corporate status dba TeeHerivar at https://teeherivar.com, using 1322 Bushwick Ave, Brooklyn, NY 11207 as its address and support@teeherivar.com as its email address.  TeeHerivar offers, promotes, and sells counterfeit Patagonia products online throughout the

country.

5.      Defendant Leaf Group Ltd. dba Society6 ("Society6") is a Delaware corporation with its principal place of business located at 1655 26th Street, Santa Monica, CA 90404.  Society6 offers, promotes, and sells counterfeit Patagonia products online throughout the country.

6.      Defendant Gearbubble Inc. ("Gearbubble") is a Nevada corporation with its principal place of business at 7000 Smoke Ranch Road, Las Vegas, NV 89128.  Gearbubble offers, promotes, and sells counterfeit Patagonia products online throughout the country.

7.      Defendant Davidloshirt is an online seller with unknown corporate status dba Davidloshirt at https://davidloshirt.com, using 3501 Jack Northrop Ave Suite #VX485 Hawthorne, CA 90250 as its address and davidloshirt@gmail.com as its email address.  Davidloshirt offers, promotes, and sells counterfeit Patagonia products online throughout the country.

8.      Defendant Tee Jeep Shirt is an online seller with unknown corporate status dba Tee Jeep Shirt at https://teejeepshirt.com, using 400 Rella Blvd., Suite 206, Montebello, NY 10901 as its address and sp.moteesfe@gmail.com as its email address.  Tee Jeep Shirt offers, promotes, and sells counterfeit Patagonia products online throughout the country.

9.      Defendant Shirtformula is an online seller with unknown corporate status dba Shirtformula at https://shirtformula.com, using 4231 Fairhope Dr, Indianapolis, IN 46237 as its address and support@bizticket.net as its email address.  Shirtformula offers, promotes, and sells counterfeit Patagonia products online throughout the country.

10.     Patagonia's trademark claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Trademark Dilution Revision Act of 2006 (15 U.S.C. §§ 1051, *et seq.*).  Patagonia's claims for copyright infringement arise from all defendants' infringement of Patagonia's exclusive rights under the United

States Copyright Act (17 U.S.C. §§ 101, *et seq*.).  This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 17 U.S.C. § 501 (copyright), 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1121 (Lanham Act).  This Court has jurisdiction over the state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) and 28 U.S.C. § 1332 (diversity).

11.     This Court has personal jurisdiction over Defendants because Defendants have purposefully availed themselves of the privilege of doing business in this district.  Defendants sell and ship their infringing products to customers in this district.  Defendants advertise and promote their infringing products to purchasers in California and this district through shopping platforms and websites which are all accessible to residents of this district.  Defendants also have directed their conduct into this district, including individually targeting Patagonia, a corporation they know has its principal place of business in this district, by infringing Patagonia's trademarks and copyrights.

12.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400(a) because Defendants infringe Patagonia's intellectual property in this district, transact business in this district, and a substantial part of the events giving rise to the claims asserted arose in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS
### Patagonia's History

13.     Patagonia was founded in the late 1960s to design and sell climbing clothes and other active sportswear.  The company adopted the brand "PATAGONIA" to differentiate a related business that designed and manufactured climbing gear and tools.  PATAGONIA was chosen as the trademark to call to mind romantic visions of glaciers tumbling into fjords, jagged windswept peaks, gauchos, and condors.  Since at least 1973, the PATAGONIA brand has appeared on a multi-colored label inspired by a silhouette of the jagged peaks of the Mt. Fitz Roy skyline

1  (the "P-6 logo").

2       14.    In the fifty years since Patagonia's PATAGONIA business started, the

3  PATAGONIA brand and its P-6 logo have become among the most identifiable

4  brands in the world.  Patagonia's products now include a wide range of apparel

5  products and equipment, including technical products designed for climbing, skiing

6  and snowboarding, surfing, fly fishing, and trail running, as well as fleece, T shirts,

7  hoodies and sweatshirts which are sold around the world.

8       15.    Over the years, Patagonia has been recognized and honored for its

9  business initiatives, including receiving the Sustainable Business Counsel's first

10  "Lifetime Achievement Award."  In 1996, with an increased awareness of the

11  dangers of pesticide use and synthetic fertilizers used in conventional cotton

12  growing, Patagonia began the exclusive use of organically grown cotton and has

13  continued that use for more than twenty years.  It was a founding member of the

14  Fair Labor Association®, which is an independent multi-stakeholder verification and

15  training organization that audits apparel factories.  Additionally, since 1985

16  Patagonia has pledged 1% of sales to environmental groups to preserve and restore

17  our natural environment, donating more than $100 million to date.  In 2002,

18  Patagonia's founder, Yvon Chouinard, along with others, created a non-profit called

19  1% For the Planet® to encourage other businesses to do the same.  Today, more

20  than 1,200 member companies have donated more than $150 million to more than

21  3,300 nonprofits through 1% For the Planet.  In 2012, Patagonia became one of

22  California's first registered Benefit Corporations, ensuring Patagonia could codify

23  into its corporate charter consideration of its workers, community, and the

24  environment.  In 2016, Patagonia pledged to donate all revenue from sales on Black

25  Friday, donating $10 million to environmental grantees in response to customers'

26  purchases on that day.  In 2018, Patagonia pledged an additional $10 million in

27  grants to environmental groups in response to recent tax cuts given to businesses.

28  Over the course of two weeks in December 2019, Patagonia matched another $10

1  million in donations to environmental and other grassroots organizations.

2  **Patagonia's Trademarks**

3      16.     Patagonia owns numerous registrations for its distinctive P-6 logo and

4  PATAGONIA trademark, covering a wide-ranging assortment of products.  Among

5  these are the following U.S. trademark registrations:

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| PATAGONIA | 1189402 / Feb. 9, 1982 | Men's and Women's Clothing-Namely, Sweaters, Rugby Shirts, Walking Shorts, Trousers, Jackets, Mittens, Hoods and Rainwear | 08/1974 |
|  | 1294523 / Sept. 11, 1984 | Men's, Women's and Children's Clothing-Namely, Jackets, Pants, Vests, Gloves, Pullovers, Cardigans, Socks, Sweaters, Underwear, Shirts, Shorts, Skirts and Belts | 08/1974-1981 |
|  | 1547469 / July 11, 1989 | Men's, Women's and Children's Clothing- Namely, Jackets, Pants, Shirts, Sweaters, Vests, Skirts, Underwear Tops and Bottoms, Socks, Gloves, Mittens, Hats, Face Masks, Balaclava, Gaiters, Suspenders, and Belts | 08/1974-1981 |
|  | 1775623 / June 8, 1993 | Luggage back packs, and all-purpose sports bags | 08/1988 |
| PATAGONIA | 1811334 / Dec. 14, 1993 | Luggage, back packs, fanny packs and all-purpose sport bags, footwear, ski bags and ski gloves | 08/1990 |
| PATAGONIA | 2260188 / July 13, 1999 | Computerized on-line ordering activities in the field of clothing and accessories; | 10/1995 |

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| | | Providing information in the field of technical clothing and accessories for use in recreational, sporting and leisure activities; providing information in the field of existing and evolving environmental issues | |
| **PATAGONIA.COM** | 2392685 / Oct. 10, 2000 | On-line retail store and mail order services featuring technical clothing, footwear, and accessories; Computer services in the nature of on-line information related to the environment and clothing | 10/1995 |
| **PATAGONIA** | 2662619 / Dec. 17, 2002 | Retail store services featuring clothing, footwear, luggage and a wide variety of sporting goods and accessories | 06/1986 |
| **PATAGONIA** | 5491401 / June 12, 2018 | Reusable bottles sold empty; insulated containers for food or beverage for domestic use; cups, mugs and growlers | 09/2014 |
| **PATAGONIA** | 5561006 / Sept. 11, 2018 | Stickers; paper banners; fiction and non-fiction books on a variety of topics; posters; non-magnetically encoded gift cards; photographs | 12/1991 |

These registrations for the PATAGONIA mark and logos are in full force and effect.  The registrations have become incontestable under 15 U.S.C. § 1065.  A color image of the P-6 logo follows:



Collectively, these marks, Patagonia's other registered trademarks, and its common law marks are referred to as the "PATAGONIA trademarks." Patagonia also owns a registered copyright (Registration No. VA 1-801-788) for the P-6 logo.

17.     The PATAGONIA trademarks are distinctive, arbitrary and fanciful, entitled to the broadest scope of protection, and certain of the PATAGONIA trademarks are registered worldwide.

18.     For many years prior to the events giving rise to this Complaint and continuing to the present, Patagonia annually has spent enormous amounts of time, money, and effort advertising and promoting the products on which its PATAGONIA trademarks are used. PATAGONIA brand products are advertised in a variety of contexts and media, including in print and on the Internet. In addition to advertising by Patagonia, the PATAGONIA trademarks are also advertised and promoted and presented at point of sale by numerous retailers. Consumers, accordingly, are exposed to the PATAGONIA trademarks in a wide range of shopping and post-sale contexts.

19.     Patagonia has sold its PATAGONIA brand products all over the world, including throughout the United States and California. Through its promotion and investment in its brand and extensive sales, publicity, awards, and leadership in sustainable sourcing practices, Patagonia has acquired enormous goodwill in its PATAGONIA trademarks. The PATAGONIA trademarks are famous within the meaning of the Trademark Dilution Revision Act, enjoy strong consumer recognition, and are recognized around the world and throughout the United States by consumers as signifying high quality products made by a responsible company.

**Defendants' Infringement of Patagonia's Rights**

20.     In blatant disregard of Patagonia's rights in the PATAGONIA trademarks—and without authorization from Patagonia—Defendants have promoted, offered for sale, and sold products, including T shirts, hoodies, sweatshirts, and pillows, bearing counterfeit reproductions of the PATAGONIA

trademarks.  These designs and logos, and the products bearing them, are referred to as "Defendants' Designs."

21.   The Defendants' Designs are identical to the P-6 logo artwork and the registered P-6 logo trademark.  Defendants' products bearing the Defendants' Designs are identical to and compete directly with goods sold by Patagonia, including, shirts, hoodies, and sweatshirts.

22.   Defendants' use of the Defendants' Designs has caused or will cause a likelihood of confusion among consumers regarding the source of Defendants' products, and whether Patagonia has sponsored, licensed, authorized, or is somehow affiliated with the Defendants' or each of them.

23.   Defendants began using the Defendants' Designs long after the PATAGONIA trademarks became famous.  The Defendants' Designs have caused or are likely to cause dilution of Patagonia's famous and distinctive marks by diminishing their distinctiveness and singular association with Patagonia.  Patagonia has no alternative but to protect its goodwill and famous trademark by obtaining an injunction against Defendants' further use of the derivative trademark and designs.

24.   Patagonia is informed and believes that Defendants have marketed and sold substantial quantities of products bearing the Defendants' Designs and have profited and continue to profit from such sales.  On information and belief, Defendants also have worked with third party sellers to produce, market, and sell substantial quantities of products bearing Defendants' Designs.  To the extent such cooperation has occurred between Defendants and third party sellers, Defendants have been involved in both the production and sale of such products and are liable for damage caused to Patagonia and its brand.  There is no doubt that Defendants' conduct has been willful, as Defendants adopted counterfeit imitations of the PATAGONIA trademarks as their own branding.

25.   In addition to causing Patagonia to lose sales of its genuine PATAGONIA products, incur legal fees, and suffer other monetary losses,

Defendants' actions have caused and will cause Patagonia irreparable harm for which money damages and other remedies are inadequate. Unless Defendants are restrained by this Court, Defendants will continue expanding their illegal activities and otherwise continue to cause irreparable damage and injury to Patagonia by, among other things:

a. Depriving Patagonia of its statutory rights to use and control use of its trademark;

b. Creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the infringing products;

c. Causing the public falsely to associate Patagonia with Defendants and/or their products, or vice versa;

d. Causing the public falsely to believe Patagonia has collaborated with Defendants, entered a co-branding relationship with Defendants, or is otherwise associated with Defendants and/or their products, or vice versa;

e. Causing incalculable and irreparable damage to Patagonia's goodwill and diluting the capacity of its famous PATAGONIA trademarks to differentiate its products from those of its competitors; and

f. Causing incalculable and irreparable damage to Patagonia's licensing and collaboration programs, and to Patagonia's ability to control its brand partnerships and to associate itself with entities who are specifically aligned to Patagonia's company mission.

26.   In addition to other relief, accordingly, Patagonia is entitled to injunctive relief against Defendants.

## FIRST CLAIM

## FEDERAL TRADEMARK INFRINGEMENT AND COUNTERFEITING

### (15 U.S.C. §§ 1114-1117)

27.   Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 26 of this Complaint.

28.     Defendants have used, in connection with the sale, offering for sale, distribution, or advertising of their products bearing the Defendants' Designs, counterfeit imitations of Patagonia's PATAGONIA trademarks.

29.     These acts of trademark infringement and counterfeiting have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.  Defendants' willfulness is displayed not only in the identicality of the infringements, but in some of their decisions to persist in infringements after receiving cease and desist letters and settlement proposals.

30.     As a direct and proximate result of Defendants' conduct, Patagonia is entitled to recover up to treble the amount of Defendants' unlawful profits and Patagonia's damages and an award of attorneys' fees under 15 U.S.C. § 1117(a).

31.     Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Defendants to stop use of the Defendants' Designs, and any other mark or design similar to the PATAGONIA trademarks.

**SECOND CLAIM**

**FEDERAL UNFAIR COMPETITION**

**(False Designation of Origin and False Description – 15 U.S.C. § 1125(a))**

32.     Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 31 of this Complaint.

33.     Defendants' conduct as alleged in this Complaint constitutes the use of symbols or devices tending falsely to describe the infringing products, within the meaning of 15 U.S.C. § 1125(a)(1).  Defendants' conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of the infringing products to the detriment of Patagonia and in violation of 15 U.S.C. § 1125(a)(1).

34.     As a direct and proximate result of Defendants' conduct, Patagonia is entitled to recover up to treble the amount of Defendants' unlawful profits and Patagonia's damages, and an award of attorneys' fees under 15 U.S.C. § 1117(a).

35.     Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Defendants to stop use of the Defendants' Designs, and any other mark or design similar to the PATAGONIA trademarks.

### THIRD CLAIM

### FEDERAL DILUTION OF FAMOUS MARK

**(Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c))**

36.     Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 35 of this Complaint.

37.     Patagonia's PATAGONIA trademarks (including the P-6 logo) are distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and were famous prior to Defendants' adoption of the copycat Defendants' Designs.

38.     Defendants' conduct is likely to cause dilution of Patagonia's PATAGONIA trademark by diminishing its distinctiveness in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

39.     As a direct and proximate result of Defendants' conduct, Patagonia is entitled to recover up to treble the amount of Defendants' unlawful profits and Patagonia's damages, and an award of attorney's fees under 15 U.S.C. §§ 1116(a), 1117(a), and 1125(c).

40.     Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c) that requires Defendants to stop use of the Defendants' Designs, and any other mark or design similar to the PATAGONIA trademarks.

### FOURTH CLAIM

### FEDERAL COPYRIGHT INFRINGEMENT

**(17 U.S.C. §§ 101, *et seq*., and 17 U.S.C. §§ 501, *et seq*.)**

41.     Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 40 of this Complaint.

/ / /

42.     Patagonia owns the copyright in its P-6 logo, which is federally registered and was registered prior to Defendants' copying.

43.     Defendants have copied, advertised, offered for sale, and/or sold identical copies of the P-6 logo without Patagonia's authorization or permission and in violation of Patagonia's exclusive rights in its copyright.

44.     Defendants' unlawful reproduction, advertisement, distribution, and/or sale of Patagonia's proprietary design constitutes copyright infringement.  Patagonia alleges that Defendants acted intentionally and in bad faith when they reproduced Patagonia's copyrighted work (in identical form), and advertised, distributed, displayed, and/or sold products bearing the Defendants' Designs.

45.     Defendants' infringement alleged herein has caused and, if not enjoined, will continue to cause Patagonia to suffer irreparable harm for which there is no adequate remedy at law, and has also caused damage to Patagonia in an amount which cannot be accurately computed at this time but will be proven at trial.

46.     As a direct and proximate result of Defendants' conduct, Patagonia is entitled to injunctive relief, as well as actual damages and any profits earned by Defendants because of their infringements or, at Patagonia's election, statutory damages of up to $150,000 for each work infringed , pursuant to 17 U.S.C. § 504.

## FIFTH CLAIM

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

## UNDER CALIFORNIA STATUTORY LAW

**(Cal. Bus. & Prof. Code §§ 14200 *et seq*.; Cal. Bus. & Prof. Code § 17200 *et seq*.)**

47.     Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 46 of this Complaint.

48.     Patagonia is the owner of numerous registrations for the PATAGONIA trademarks, as well as common law rights in those marks.

/ / /

49.     Defendants are using a design that infringes upon Patagonia's PATAGONIA trademarks without the consent of Patagonia and in connection with the sale, offering for sale, distribution, or advertising of its products bearing the Defendants' Designs.

50.     Defendants' infringement of Patagonia's PATAGONIA trademarks is likely to cause confusion, mistake, and deception as to the source of the origin of Defendants' offerings.

51.     Defendants use the infringing Defendants' Designs to enhance the commercial value of their offerings.

52.     Defendants' acts violate Patagonia's trademark rights under California Business & Professions Code §§14245 *et seq.*

53.     Defendants' conduct as alleged in this Complaint also constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code §§ 17200 *et seq.*

54.     Patagonia is entitled to monetary damages and injunctive relief prohibiting Defendants from using the Defendants' Designs, or any other mark or design that is likely to be confused with the PATAGONIA trademarks.

55.     Without injunctive relief, Patagonia has no means by which to control the continuing injury to its reputation and goodwill or that of its PATAGONIA trademarks.  Patagonia has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Patagonia if it loses the ability to control its marks.

56.     Because Defendants' actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to treble the amount of Defendants' unlawful profits and Patagonia's damages under California Business & Professions Code § 14250.

/ / /

# SIXTH CLAIM

## TRADEMARK DILUTION UNDER CALIFORNIA LAW

### (Cal. Bus. & Prof. Code § 14247)

57.     Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 56 of this Complaint.

58.     Patagonia owns valid and protectable rights in its PATAGONIA trademarks (including the P-6 logo).

59.     The PATAGONIA trademarks—registered marks in the state of California—are distinctive and famous within the meaning of the California Model State Trademark Law, Cal. Bus. & Prof. Code § 14247, in that it is a household brand in California, and were famous prior to Defendants' adoption of the Defendants' Designs.

60.     Defendants' acts are likely to dilute the distinctive quality of the PATAGONIA trademarks.  Defendants' acts therefore constitute trademark dilution under California Business & Professions Code § 14247, the analogous statutes of other states, and under California common law.

61.     Patagonia is entitled to monetary damages and injunctive relief prohibiting Defendants from using the Defendants' Designs, and any other mark or design similar to the PATAGONIA trademarks.  Without injunctive relief, Patagonia has no means by which to control the continuing dilution of the PATAGONIA trademarks.  Patagonia has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Patagonia for such harm.

62.     Because Defendants' actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to treble the amount of Defendants' unlawful profits and Patagonia's damages under California Business & Professions Code § 14250.

/ / /

## SEVENTH CLAIM

## TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW

63.     Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 62 of this Complaint.

64.     Patagonia owns valid and protectable rights in its PATAGONIA trademarks at common law.

65.     Defendants' conduct is likely to cause confusion, to cause mistake, or to deceive as to the source of goods offered by Defendants, or as to affiliation, connection, association, sponsorship, or approval of such goods and services, and constitutes infringement of Patagonia's PATAGONIA trademarks at common law.

66.     Defendants infringed Patagonia's PATAGONIA trademarks with knowledge and intent to cause confusion, mistake, or deception.

67.     Defendants' conduct is aggravated by that kind of willfulness, wanton-ness, malice, and conscious indifference to the rights and welfare of Patagonia for which California law allows the imposition of exemplary damages.

68.     As a direct and proximate result of Defendants' activities, Patagonia has suffered substantial damage.

69.     Unless restrained and enjoined, the conduct of Defendants will further impair the value of the PATAGONIA trademarks and Patagonia's business reputation and goodwill.  Patagonia has no adequate remedy at law.

70.     Patagonia is entitled to monetary damages and injunctive relief prohibiting Defendants from using the Defendants' Designs, and any other mark or design similar to the PATAGONIA trademarks.

71.     Without injunctive relief, Patagonia has no means by which to control the continuing injury to its reputation and goodwill or that of its PATAGONIA trademarks.  Patagonia has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Patagonia if it loses the ability to control its marks.

72.     Because Defendants' actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to recover reasonable attorneys' fees and compensatory and punitive damages.

## **PRAYER FOR JUDGMENT**

WHEREFORE, Patagonia prays that this Court grant it the following relief:

1.     Adjudge that Defendants have infringed the PATAGONIA trademarks in violation of Patagonia's rights under 15 U.S.C. § 1114;

2.     Adjudge that Defendants have infringed the PATAGONIA trademarks in violation of California statutory law;

3.     Adjudge that Defendants have infringed Patagonia's common law rights in the PATAGONIA trademarks;

4.     Adjudge that Defendants have competed unfairly with Patagonia and falsely designated the origin of their products in violation of Patagonia's rights under 15 U.S.C. § 1125(a);

5.     Adjudge that Defendants have competed unfairly with Patagonia in violation of California statutory law;

6.     Adjudge that Defendants' activities are likely to dilute Patagonia's famous PATAGONIA trademarks in violation of Patagonia's rights under 15 U.S.C. § 1125(c) and/or California law;

7.     Adjudge that Defendants have infringed Patagonia's copyright rights in its P-6 design;

8.     Adjudge that Defendants and their agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through or under it, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

a.     Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods or services that display

any words or symbols that so resemble the PATAGONIA trademarks as to be likely to cause confusion, mistake, or deception, on or in connection with any product that is not authorized by or for Patagonia, including, without limitation, any product or service that bears the Defendants' Designs, or any other approximation of Patagonia's trademarks;

b.      Using any word, term, name, symbol, device, or combination that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Defendants or their products with Patagonia, or as to the origin of Defendants' goods, or any false designation of origin, false or misleading description or representation of fact, or any false or misleading advertising, or likely dilution of the PATAGONIA trademark;

c.      Further infringing the rights of Patagonia in and to its PATAGONIA trademarks, or otherwise damaging Patagonia's goodwill or business reputation;

d.      Further diluting the famous PATAGONIA trademarks;

e.      Otherwise competing unfairly with Patagonia in any manner;

f.      Further infringing Patagonia's copyright rights in its P-6 logo design, including by reproducing, distributing, or displaying such logo or any other logo or design that is substantially similar to the P-6 logo; and

g.      Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

9.     Adjudge that Defendants must screen any submissions by third parties to their print-on-demand platforms to affirmatively remove or prevent listings by others for products that bear designs that so resemble the PATAGONIA trademarks as to be likely to cause confusion, mistake, or deception, on or in connection with any product that is not authorized by or for Patagonia (including Defendants' Designs).

/ / /

10. Adjudge that Defendants be required immediately to deliver to Patagonia's counsel their entire inventory of infringing products, including without limitation, patches and any other products, packaging, labeling, advertising and promotional material, and all plates, patterns, molds, matrices, files, data, and other material for producing or printing such items, that are in their possession or subject to their control and that infringe Patagonia's trademarks as alleged in this Complaint;

11. Adjudge that Defendants, within thirty (30) days after service of the Court's judgment, be required to file with this Court and serve upon Patagonia's counsel a written report under oath setting forth in detail the manner in which they have complied with the judgment;

12. Adjudge that Patagonia recover from Defendants its damages and lost profits, and Defendants' profits in an amount to be proven at trial;

13. Adjudge that Defendants be required to account for any profits that are attributable to their illegal acts, and that Patagonia be awarded (1) Defendants' profits and (2) all damages sustained by Patagonia, under 15 U.S.C. § 1117, plus prejudgment interest;

14. Adjudge that the amounts awarded to Patagonia pursuant to 15 U.S.C. § 1117 shall be trebled;

15. Adjudge that Patagonia recover from Defendants its damages based on Defendants' copyright infringement, or statutory damages at Patagonia's election;

16. Order an accounting of and impose a constructive trust on all of Defendants' funds and assets that arise out of its infringing, dilutive activities;

17. Adjudge that Patagonia be awarded its costs and disbursements incurred in connection with this action, including Patagonia's reasonable attorneys' fees and investigative expenses; and

18. Adjudge that all such other relief be awarded to Patagonia as this Court deems just and proper.

1    DATED:  October 12, 2022        Respectfully submitted,

2                                    VERSO LAW GROUP LLP

3

4                                    By:   */s/Gregory S. Gilchrist*
                                          GREGORY S. GILCHRIST
5                                         AMY SHAHAN PARIGI
                                          RYAN BRICKER
6                                         PAYMANEH PARHAMI

7                                    Attorneys for Plaintiff
                                     PATAGONIA, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT
CASE NO. 2:22-cv-07404                                            - 24 -

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2

Patagonia, Inc. demands that this action be tried to a jury.

3

DATED:  October 12, 2022          Respectfully submitted,

4

VERSO LAW GROUP LLP

5

6

By:   */s/Gregory S. Gilchrist*
                                                         GREGORY S. GILCHRIST

7

8

Attorneys for Plaintiff
PATAGONIA, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28