UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-7404 PA (MRWx) | Date | October 13, 2022 |
|---|---|---|---|
| Title | Patagonia, Inc. v. T-shirt AT Fashion LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   ORDER TO SHOW CAUSE

  The Court has reviewed the Complaint filed by plaintiff Patagonia, Inc. ("Plaintiff" or "Patagonia") against defendants T-shirt AT Fashion LLC, MyLocker.com LLC, TeeHerivar, Leaf Group Ltd. dba Society6, Gearbubble Inc., Davidloshirt, Tee Jeep Shirt, and Shirtformula (collectively "Defendants"). Plaintiff alleges that it is the owner of trademarks and copyrights related to its brand of apparel and outdoor merchandise and that Defendants have infringed Patagonia's intellectual property rights by manufacturing, printing, and selling apparel and other goods with unauthorized copies of Patagonia's trademarks and copyrights. The Complaint asserts claims against Defendants for: (1) federal trademark infringement and counterfeiting, 15 U.S.C. §§ 1114-1117; (2) federal unfair competition, 15 U.S.C. § 1125(a); (3) federal trademark dilution, 15 U.S.C. § 1125(c); (4) copyright infringement, 17 U.S.C. §§ 101 & 501; (5) state law trademark infringement and unfair competition, Cal. Bus. & Prof. Code §§ 14200 & 17200; (6) state law trademark dilution, Cal. Bus. & Prof. Code § 14247; and (7) common law trademark infringement.

  Federal Rule of Civil Procedure 20(a)(2), which allows for permissive joinder, provides:

    Persons . . . may be joined in one action as defendants if:

   (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; <u>and</u>

   (B) any question of law or fact common to all defendants will arise in the action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-7404 PA (MRWx) | Date | October 13, 2022 |
|---|---|---|---|
| Title | Patagonia, Inc. v. T-shirt AT Fashion LLC, et al. | | |

Fed. R. Civ. P. 20(a)(2) (emphasis added). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

According to the Complaint, the eight defendants are headquartered in six different states. The Complaint does not contain any well-pleaded facts that plausibly support even an inference that Defendants acted jointly. See Ashcroft v. Iqbal, 556 U.S. 662, 679, 664 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.").[1/] Instead, it appears that Plaintiff has improperly joined its claims against multiple different alleged infringers who have no apparent connection to one another, and who each allegedly infringed Plaintiff's intellectual property rights by making manufacturing and offering for sale unauthorized goods with Plaintiff's trademarks and copyrights, through businesses and websites controlled by each of the separate defendants. The Complaint does not sufficiently allege, identify, or explain any plausible relationship between all of the Defendants.

For these reasons, the Court orders Plaintiff to show cause in writing no later than October 31, 2022, why one or more of the Defendants should not be dropped from this case for improper joinder. See Fed. R. Civ. P. 20, 21; see also Coughlin, 130 F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court."). In response to this Order to Show Cause, Plaintiff may, if it so chooses, limit its claims to one of the Defendants. Plaintiff may then, if it so chooses, file separate actions against the other Defendants with new complaints and filing fees. Failure to adequately respond to this Order to Show Cause may result, without further warning, in dismissal of the Complaint without prejudice.

IT IS SO ORDERED.

---

[1/] Except for the two defendants located within the Central District, Leaf Group Ltd. dba Society6, and Davidloshirt, the Complaint's allegations concerning the Central District as a proper venue for this action, and in support of the Court's exercise of personal jurisdiction over the Defendants, is similarly based only on legal conclusions rather than well-pleaded facts. A third defendant, T-shirt AT Fashion LLC, allegedly operates multiple e-commerce stores, including a location in the Eastern District of California.